# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05cv257

| | |
|---|---|
| JOSEPH N. BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ROSEBORO** |
| Vs. ) | **ORDER** |
| ) | |
| POSTMASTER GENERAL, and ) | |
| LISA L/K/U, Manager, USPS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Having initially considered defendants' motion and reviewed the pleadings, the court enters the following findings and Order.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, and failure to state a cause of action under Rule 12(b)(6). In this case, the moving defendants contend that this court lacks jurisdiction over the subject matter of this lawsuit because plaintiff has failed to first comply with the Federal Tort Claims Act by first presenting such tort claims to the federal agency. See 28 U.S.C. § 2675(a). Further, the FTCA provides that sovereign immunity is not waived for claims of assault, battery, false imprisonment, false arrest, or malicious prosecution where the alleged tortfeasors are not federal law enforcement officers or investigative officers employed by the United States. 28 U.S.C. § 2675(a).

Plaintiff is advised that under Rule 12(b)(1) it is *his* burden to show this court that it has jurisdiction over the subject matter of this lawsuit. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d

1

765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. This means that if plaintiff has any evidence that shows that this court has jurisdiction, he should now submit it to the court in the form of affidavits, unsworn declarations, and exhibits that would otherwise be admissible at trial. An example of such evidence of jurisdictional relevance would be copies of any letters plaintiff sent - - before filing this action - - to the United States Postal Service raising the claims herein asserted. Further, as to whether his claims are barred by sovereign immunity, arguments or evidence plaintiff may have as to whether defendants were federal law enforcement or investigatory officers would also be of relevance.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by plaintiff to this court within fourteen (14) days from the date of this Order and must be filed in duplicate. Failure to respond may result in the action being dismissed by way of a summary recommendation of dismissal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants Motion to Dismiss within 14 days of the filing of this Order.

**Signed: August 1, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge